JOHN HORNBECK *v.* THE STATE.

THEFT — INTENT.— In order to sustain a prosecution for theft, when the taking was originally lawful, the proof must show that the taking was obtained by some false pretext, or with the intent to deprive the owner of the value of the property and to appropriate it to the use and benefit of the taker, and, furthermore, that the same was so appropriated.

APPEAL from the County Court of Hill. Tried below before the Hon. A. W. PARHAM, County Judge.

The prosecution was for theft of property valued at less than $20. The punishment imposed was a fine of $25 and six hours' confinement in the county jail.

On behalf of the State it was shown that the defendant was a tenant of Mrs. Fauquer, the prosecuting witness. The witness had loaned the defendant and his wife the property alleged to have been stolen, consisting of a table, pillows, bed-clothing, etc., with the understanding that when they moved they were to leave the property on the place. The property disappeared with them.

On behalf of the defense it was testified that the bed-clothing was purchased by the defendant's wife after it was borrowed, and that the defendant paid for the table by making a lounge and delivering it to the prosecuting witness.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was tried on an indictment by which he was charged with the theft of certain specified articles, amounting in value to an aggregate not sufficient to constitute a felony. He was convicted and fined twenty-five dollars, and was ordered to be imprisoned in the county jail for six hours. If this prose-

cution can be maintained at all, it cannot be under the general statute of theft, Penal Code, art. 724, but under article 727, which is as follows: "The taking must be wrongful; so that, if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof and to appropriate the property to the use or benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

To constitute the offense as defined in this article, the taking being originally lawful, possession must be obtained either by the employment of some false pretext, or it must be obtained with an intent existing in the mind of the taker, at the time the possession was obtained, to deprive the owner of its value and to appropriate the property to the use and benefit of the taker, and, besides these requisites, such a taking would not be complete so as to constitute the crime of theft, until the taker has so appropriated the property to his own use and benefit.

In the present case we fail to perceive any evidence whatever of the employment of any false pretext, or of any intent existing in the mind of the defendant to deprive the owner of the value of the property or any part of it, and to appropriate it or any part of it to the use and benefit of the defendant, or proof of any circumstances from which the jury could reasonably infer such false pretext, or such intent to deprive and appropriate. We do not deem it important to consider any other feature of the case as presented by the record; but, believing that the testimony is not sufficient to support the verdict and judgment, the judgment must be reversed and the case remanded.

*Reversed and remanded.*